HENRY JENKINS v. THE STATE.

No. 4999.   Decided April 24, 1918.

**Assault to Rape—Sufficiency of the Evidence.**

Where, upon trial for assault to rape upon a female under the age of consent, the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Limestone.   Tried below before the Hon. R. M. Blackmon.

Appeal from a conviction of an assault to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. M. Kennedy* and *A. H. L. Voorhies,* for appellant.—On question of the insufficiency of the evidence: Pless v. State, 3 S. W. Rep., 576; Carrol v. State, 6 id., 190; Robertson v. State, 12 id., 1068; Shields v. State, 23 id., 893; Stinnett v. State, 24 id., 909; Porter v. State, 26 id., 626; Marthall v. State, 36 id., 1062; Dockery v. State, 34 id., 281; Bourland v. State, 93 id., 115; Hancock v. State, 43 id., 465; Candle v. State, 28 id., 810; Passemore v. State, 15 id., 286; Sirmons v. State, 44 Texas Crim. Rep., 488.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of sufficiency of evidence: Heath v. State, 56 S. W. Rep., 628; Duckett v. State, 68 Texas Crim. Rep., 331, 150 S. W. Rep., 1177.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to rape, his punishment being assessed at two years confinement in the penitentiary.

The only contention made is that the evidence is not sufficient to support the judgment. The indictment charged that the assault was made upon Frankie Campbell, a girl under the age of fifteen years. Without going into the details as to how defendant met with the prosecutrix and her little sister on the night of the assault, and how they were placed under his protection to be escorted to the residence of Mrs. Lemmons, etc., it is only our intention to state the immediate facts of the transaction. Prosecutrix testified: "After we got past the schoolhouse I said I thought she lived closer than this; then my sister said she didn't know where she lived. Then the man took us on down in a branch and started across a field; he showed us a light and said that is where she lives. He took hold of my arm and I jerked loose; then he got me around the neck and threw me down. I told my sister to go get help, and she went up to Mrs. Brooks. The man told me if I didn't hush hollowing he would cut my throat with a razor. When the man grabbed my arm he did not say anything right then, but just before that he said, 'Give me some.' He threw me down but I got up. No, he did not tear any of my clothes but they came undone. While all of this was going on my sister ran up to Mrs. Brooks." She then details how on the next morning defendant was arrested and that she went to the justice of the peace's office as a witness and identified the defendant. She testified further: "This man told me if I didn't hush hollowing that he would cut my throat with his razor, and he said that was nothing, that he had done that way to lots of women. I had on a hat that night and it came off. It was laying on the ground and Mrs. Brooks picked it up. The next morning they found my bow ribbon down where the man had me. Yes, sir; this man that left the house with us that night is the same man that assaulted me." There are other facts and circumstances of more or less weight contradictory of defendant's theory of the case. Appellant denied practically everything that all the witnesses stated with reference to the matter and his whereabouts that night,

except as to what his mother and sister testified, and this was an alibi. However, they did admit that the boy started with the girls from their home to find the residence of Mrs. Lemmons. This assault occurred in a few moments. Appellant's contention was that he left the girls before the assault was made. There is some evidence about bruises, scratches, marks or stripes or something of that sort, about the neck, and the nervous, excited condition of the girl and incidents of that character unnecessary here to enumerate. The girl made outcry and was heard by some of the ladies whom the smaller sister went after. We are of opinion the jury was justified in finding, first, that appellant was the party who assaulted the girl; and, second, that his purpose was to have intercourse with her; and, third, that she was a girl only fourteen years of age.

The judgment will be affirmed.

*Affirmed.*